**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

                                                                  Case No. 05-81013

v.                                                         Hon. Lawrence P. Zatkoff

JATINDER GILL,

    Defendant.
_____/

## ORDER SETTING SENTENCING DATE

This matter is before the Court to set a new sentencing date because the parties have continually failed to competently inform the Court of the factual bases underpinning this matter and the appropriate Guidelines range. For the reasons stated below, this matter is set for sentencing before this Court on December 14, 2010, at 10:30 a.m.

This case involved several defendants charged with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. When the case was filed in 2005, the Assistant United States Attorney assigned to the case was Karl Overman, who has since retired. On May 28, 2009, Assistant United States Attorney Haugabook ("AUSA Haugabook") took over the case. On July 15, 2009, Defendant made an initial appearance before the Court for arraignment. Defendant tendered a plea of not guilty to conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and §846, and he was detained pending trial.

The Court's case manager originally scheduled a Final Pretrial Conference date of September 16, 2009, but that Final Pretrial Conference was adjourned to October 29, 2009, at the parties' request. At the October 29, 2009, hearing, the parties requested and were granted a second

adjournment of the Final Pretrial Conference, this time until December 8, 2009. Finally, on December 8, 2009, Defendant entered a plea at the third scheduled Final Pretrial Conference. Defendant pleaded guilty via a Rule 11 plea agreement. The Rule 11 plea agreement reflected that Defendant was subject to a 10-year mandatory minimum upon conviction of his crime, but it also reflected that the parties agreed that the applicable Guidelines range was 70-87 months. The Rule 11 plea agreement also contemplated that the Government would file a motion for downward departure in the future. After accepting the Guilty Plea and taking Defendant's plea agreement under advisement, the Court set sentencing for March 4, 2010.

On January 27, 2010, the Court received a letter from Probation Officer Steven Ely ("PO Ely") informing the Court that his calculations of the applicable Guidelines range (168-210 months) and the Guidelines range in the Rule 11 plea agreement (70-87 months) were inconsistent. The Court therefore adjourned the March 4, 2010 sentencing hearing to April 1, 2010. On March 24, 2010, Defendant filed a sentencing memorandum requesting that the Court find that Defendant qualified for a safety-valve reduction and sentence him to 20 months imprisonment (based upon a Guidelines range of 70-87 months).

On March 25, 2010, ASUA Haugabook filed a motion for downward departure, wherein AUSA Haugabook stated that he:

> (1) disagreed with the level of marijuana attributed to Defendant in the Presentence Report (3,070 kg),
>
> (2) still believed the Guidelines range was 70-87 months, and
>
> (3) believed that Defendant was eligible for the safety valve reduction - *i.e.*, the mandatory 10-year minimum would not apply.

AUSA Haugabook's motion requested a 10% departure from the calculated Guidelines range of 70-87 months and indicated that he might move for additional reductions in the future.

2

On April 1, 2010, prior to holding the scheduled sentencing hearing, the Court spoke with PO Ely. PO Ely informed the Court that he disagreed with the parties' contentions regarding: (a) Defendant's eligibility for safety valve, and (b) the amount of marijuana attributable to Defendant. PO Ely also informed the Court that he calculated the Guidelines range as 168-210 month. Based on these inconsistencies regarding the applicability of the safety-valve (*i.e.*, Defendant's role in the case) and the applicable Guidelines range (including the amount of marijuana attributable to Defendant), the Court adjourned the April 1, 2010, sentencing hearing to June 3, 2010. At the April 1, 2010, hearing, the Court also instructed the parties to file additional information with PO Ely and the Court regarding the inconsistency between the Guidelines range calculated by PO Ely and the parties as set forth in the Rule 11 plea agreement, as well as the amount of marijuana attributable to Defendant and the applicability of the safety-valve.

On May 28, 2010, AUSA Haugabook filed a second motion for downward departure, wherein he continued to contest the amount of marijuana that PO Ely attributed to Defendant. Contrary to his earlier position, however, AUSA Haugabook now took the position that the safety-valve reduction did not apply to Defendant due to Defendant's leadership role. Therefore, AUSA Haugabook contended that the 10-year mandatory minimum did apply to Defendant. Pursuant to that motion, AUSA Haugabook requested a 10% departure from the 10-year mandatory minimum, and again indicated that he may move for additional reductions in the future. At the scheduled sentencing hearing on June 3, 2010, Defendant's counsel requested a 50% departure from the Guidelines range of 70-87 months set forth in the Rule 11 plea agreement.

Despite the Court's instructions at the April 1, 2010, sentencing, PO Ely informed the Court that: (a) AUSA Haugabook had supplied him with no additional information supporting the AUSA's position regarding the Guidelines range, and (b) accordingly, PO Ely's Presentence Report remained

unchanged. Because it was still unclear what Guidelines range applied, the Court adjourned the sentencing date of June 3, 2010, to August 3, 2010.

On July 30, 2010, AUSA Haugabook filed a third motion for downward departure. In his July 30, motion, AUSA Haugabook stated that he had recently concluded that:

(1) Defendant was not a leader, but rather a manager/supervisor, which results in a three-level increase, rather than four levels, as calculated by PO Ely,

(2) the amount of marijuana attributable to Defendant was still below PO Ely's calculation, and

(3) he now calculated the applicable Guidelines range to be 121-151 months.

AUSA Haugabook requested a 50% departure from the 121-151 months range because Defendant had testified in front of a grand jury since the last motion for downward departure had been filed; specifically, AUSA Haugabook requested a sentence of 60 months.

On August 3, 2010, the parties again appeared before the Court. At that time, they were still unable to resolve the Guidelines inconsistencies or instruct the Court on the applicable Guidelines range. Based on the parties' assertions on the record, the Court issued a written order on August 6, 2010, wherein the Court ordered the United States Attorney's Office to:

(1) investigate the level of Defendant's involvement in this matter and the amount of marijuana attributable to Defendant,

(2) prepare a report with the United States Attorney's Office final position on the matter; and

(3) submit the report to PO Ely so that he could make any necessary revisions to the Presentence Report.

On October 12, 2010, the Court set a new sentencing date of November 16, 2010. In late October, after almost three months of hearing nothing from anyone regarding this matter, the Court contacted PO Ely to see whether a new Presentence Report was forthcoming. PO Ely stated that he

had not received a report from AUSA Haugabook at that point. PO Ely then filed an amended Presentence Report with the Court. On November 10, AUSA Haugabook filed a memorandum titled "Second Amended Motion and Brief in Support of a Substantial Assistance Downward Departure" with the Court—only 3 business days before Defendant's sentence hearing scheduled for November 16, 2010. Despite the Court's best efforts, the Court has been unable to follow the motion filed by AUSA Haugabook wherein he contradicts earlier positions and did not clearly respond to the Court's order. Therefore, the Court found it necessary to adjourn Defendant's sentencing scheduled for November 16, 2010, so that a meaningful sentencing hearing could be conducted.

Accordingly, and for the reasons set forth above and in the interests of justice for Defendant and the public, IT IS HEREBY ORDERED that this matter is set for sentencing before the Court on December 14, 2010, at 10:30 a.m.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 18, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 18, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290